■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD GORDON, Indicted as "RONNIE" GORDON, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 26, 1971, convicting him of robbery in the second degree, grand larceny in the third degree and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The trial court charged the jury that it must consider all the testimony, including the character evidence elicited by defendant, and that, if they concluded he was guilty, the character evidence could be no obstacle to the rendition of a guilty verdict. The court denied defendant's request to charge the jury in substance that character evidence, if believed by it, may, when considered with all the other evidence in the case, create a reasonable doubt where otherwise no reasonable doubt would exist. In our opinion defendant was entitled to have the jury charged substantially as requested and the refusal to do so constituted reversible error (Richardson, Evidence [9th ed.], p. 140; and cases there cited). On the basis of the record presented it is our opinion that the interests of justice will best be served by a new trial. Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL GRIFFIN, Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the County Court, Nassau County, imposed April 10, 1972, committing him to an indeterminate prison term of a maximum of four years, upon a conviction of attempted criminal sale of a dangerous drug in the third degree, upon his plea of guilty. Sentence reversed, on the law, and case remitted to the County Court for resentence in accordance with sections 207 and 208 of the Mental Hygiene Law. After defendant's plea of guilty, the sentencing court was informed that defendant was a drug addict. Accordingly, defendant could not be sentenced until there was compliance with sections 207 and 208 of the Mental Hygiene Law (People v. Sczerbaty, 37 A D 2d 428; People v. Ayala, 40 A D 2d 832). We give no indication as to what sentence should be imposed by the trial court. Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.